By the Court.—Sedgwick, Ch. J.
The action was to recover the amount of commissions alleged to be due to plaintiff, a broker, in procuring a purchaser of certain real estate, under an alleged employment by defendant. The defendant was the owner, and the plaintiff claimed that he was employed by defendant through an agent of the defendant. On the trial, at the end of the testimony, the defendant’s counsel moved that the court direct a verdict in his favor. The important exception is to the denial of this motion. There are no exceptions to this charge, and indeed it has not been made a part of the case on appeal. It must be supposed that all the matters of fact which were essentail to the recovery, were properly passed upon by the *282 jury, unless the testimony is incontrovertibly in favor of the defendant on the two points presented at the trial and on this appeal.
The first is that the plaintiff failed to prove that the employment by the defendant’s agent came within the scope of the latter’s apparent authority. It was proved, and not denied by defendant, that the latter had empowered in writing the agent to sell the real estate, which was in this city. The plaintiff, who was a broker in real estate by business, testified that such property is almost invariably sold through a broker in the city of Mew York. The agent was a witness for the defendant, and gave detailed testimony as to his relations to the defendant and to the plaintiff, and in such a form that the jury were at liberty to take his testimony as affording circumstantial evidence as to his authority to employ a broker for the defendant. On the whole case, the jury could competently determine whether the defendant had given to his agent for sale authority to employ, for him and for that purpose, a broker.
The "second point is, that the defendant was not liable to the plaintiff, because the defendant had revoked the authority of his agent to sell the real estate, and the broker’s employment consequently terminated before a purchaser was found.
It was not disputed that the finding of the jury that the plaintiff did obtain a purchaser, is conclusive. It is said, however, that before that was done, there was a revocation of the authority of defendant’s principal agent to sell. There was an exception made in reference to the refusal of the court to allow the defendant to show, by a certain letter to his agent, that there was the revocation referred to. Regularly, that letter should have been part of the case. Both make no objection to its being handed to the court on this appeal, and it has been considered by it. It is very doubtful that the jury would have been justified in *283 finding that the letter was intended to stop the proceedings toward a sale. I am, however, of the opinion that, as it was not shown, or offered to be shown, that the letter was made known to the plaintiff, it did not affect his right to compensation. Judge Story states the law on this point, in Story on Agency, § 470, in considering at what time and under what circumstances the revocation by the act of the principal takes effect: “As to the agent himself, subject to what has been already stated, it takes effect from the time when the revocation is made known to him, and as to third persons, when it is made known to them, and not before. Until, therefore, the revocation is so made known, it is inoperative. If known to the agent, as against his principal, his rights are gone, but as to third persons who are ignorant of the revocation, his act binds both himself and his principal.” If there are, which is •doubtful, any facts in testimony which tended to show a revocation of authority to sell, the jury could find that it was not made known to the plaintiff until after he had secured a purchaser with whom a contract of sale might have been made.
Judgment affirmed with costs, and order appealed from affirmed with $10 costs.
Freedman, J., concurred.