# STERRETT *v*. SHOEMAKER.

APPEAL; MOTION TO DISMISS; AGENCY; EMPLOYMENT OF SUBAGENT.

1. An appeal from a judgment of dismissal which was not taken within twenty days thereafter, as required by rule 10, cannot be sustained because of the subsequent correction of the journal entry of the judgment on the plaintiff's motion, in order to show that the judgment of dismissal had been entered on a motion for instructed verdict instead of a motion to dismiss, where there was no attempt made at that time to take an appeal.

2. An agent's promise that if he got a commission for the sale of a property he would give half of it to a subagent does not entitle the latter to recover where the agent received no commission, and it does not appear that he was entitled to one but had refused to claim it.

3. An agent employed to sell real estate has no power to bind his principal by the employment of a subagent.

4. An agency comprehending more than ministerial acts, which is confidential and entitles the principal to the benefit of the agent's knowledge and advice, cannot be delegated by the agent without the prin-

cipal's consent. ((Citing *Fox* v. *Cohen,* 34 App. D. C. 389; *Bryan* v. *Abert,* 3 App. D. C. 180.)

No. 3081. Submitted February 7, 1918. Decided March 4, 1918.

HEARING on an appeal from a judgment of the Supreme Court of the District of Columbia in an action to recover commission on a sale of real estate. *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is a suit to recover a commission for procuring a purchaser for real estate belonging to Louis P. Shoemaker. He died since the institution of the suit, and Abner C. Shoemaker was named as the executor of his estate. Appellant, Lucy V. Sterrett, claims that Shoemaker employed Elijah E. Knott to secure a purchaser for the property, and that the latter, in turn, employed her for the same purpose. She brought action against both. At the close of her statement to the jury, Knott moved to dismiss on the ground that the statement did not disclose a cause of action against him. The motion was sustained and judgment of dismissal entered November 3, 1915. The case proceeded against Shoemaker. On the same day, upon completion of plaintiff's evidence, the jury, upon the motion of Shoemaker, was directed by the court to return a verdict for him. Upon this verdict a judgment was rendered December 11, 1915, and thereupon plaintiff, in open court, noted an appeal, and, on January 6, 1916, filed the required appeal bond, it having been first approved. January 28, 1916, plaintiff moved to correct the journal entry of the judgment in favor of Knott, so as to show that he, instead of moving to dismiss, had moved for an instructed verdict. February 4, 1916, the motion was sustained and the judgment changed accordingly. Knott moves in this court to dismiss the appeal on several grounds. We consider but one, namely, that the appeal was not taken in time.

*Mr. S. Herbert Giesy* and *Mr. John C. Gittings* for the appellant.

*Mr. Wm. G. Johnson* and *Mr. Raymond M. Hudson* for the appellee.

Mr. Chief Justice SMYTH delivered the opinion of the Court:

The judgment in Knott's favor, as we have seen, was entered November 3. No appeal was taken then. On December 11, 1915, immediately after the entry of judgment in favor of Shoemaker, plaintiff noted an appeal. It is very clear that this had reference solely to the judgment in favor of Shoemaker, which provides "that the plaintiff herein shall take nothing by this action against defendant Louis P. Shoemaker." Knott's name does not appear in the judgment proper or in any part of the journal entry relating thereto. But, assuming that the appeal then noted was from the Knott judgment, it was too late. More than thirty eight days had elapsed since the rendition of that judgment. Rule 10 of this court provides: "No order, judgment, or decree of the supreme court of the District of Columbia, or of any justice thereof, shall be reviewed by the court of appeals, unless the appeal shall be taken within twenty days after the order, judgment, or decree complained of shall have been made or pronounced."

It would seem, therefore, that we are prohibited from reviewing the Knott judgment unless the change made therein February 4, 1916, makes some difference. We think it does not, because there was no attempt at that time to take an appeal. There was then but one appeal, which was on December 11, 1915, more than twenty days subsequent to the Knott judgment.

Knott calls attention to the fact that the time set for settling the bill of exceptions was extended six times, and for filing the transcript ten times,—the last extension being December 8, 1916, more than a year after the entry of the judgment in his favor. He says these extensions were given without any notice to him and in violation of the rules of the trial court, and urges this as an additional ground for dismissing the appeal. In view of the conclusion we have reached touching the lateness of the appeal, it is not necessary to decide this

question. It may be said in passing, however, that no order should be made in any case on the application of one party without notice to his opponent, except for compelling reasons. A whispering practice is not to be commended.

We reach the conclusion that Knott's motion to dismiss must be sustained, with less reluctance than we would feel if it appeared that the court had erred in giving judgment in his favor; but it does not. Appellant was not entitled to succeed on the showing she made. In her declaration she claimed that she was employed by Knott and Shoemaker for the purpose of securing a buyer for the property. In the opening statement on her behalf it was said: "We claim that Mrs. Sterrett * * * was the cause of the making of this sale and is entitled to her commission. She therefore has sued Mr. Knott and Mr. Shoemaker, Knott being the agent of Shoemaker * * *" If she dealt with Knott merely as the agent of Shoemaker, it is not clear how she could hold him unless he was guilty of some misrepresentation or fraud, and this she does not claim. Moreover, the plaintiff testified: "Mr. Knott told me that if the sale went through, and he got a commission, he would give me half of it." But Knott received no commission. Perhaps if he was entitled to it, but refused to claim it, he could not thereby defeat plaintiff's right to recover from him. She does not, however, make any such charge against him. The court was right in peremptorily instructing the jury to return a verdict in favor of Knott.

We now come to her case against Shoemaker. The uncontradicted evidence is that he did not employ the plaintiff or expressly authorize Knott to do so. He had no knowledge whatever that she was in any manner connected with the affair until after he had sold the property, when she called to collect her commission. Plaintiff testified that she had "never seen Mr. Shoemaker before" that; nor does she claim that she ever had any communication, directly or indirectly, with him concerning the matter prior to the sale. Neither does she assert that Knott had express authority from Shoemaker to employ a subagent; but urges that, inasmuch as he was Shoemaker's agent, he had implied authority to do so and bind Shoemaker. We

cannot assent to this. That Knott might have employed her to assist him must be admitted, but that he had authority from Shoemaker to so engage her is quite a different proposition. *Delegatus non potest delegare* is a general rule with respect to agency involving anything but ministerial acts. (*Warner v. Martin,* 11 How. 209, 13 L. ed. 667; *Bancroft v. Scribner,* 21 C. C. A. 352, 44 U. S. App. 480, 72 Fed. 988, 991; *Insurance Co. of N. A. v. Wisconsin C. R. Co.* 67 C. C. A. 300, 134 Fed. 794; *Keener v. Harrod,* 2 Md. 63, 70, 56 Am. Dec. 706.) The agency which Knott had, according to plaintiff's claim, comprehended more than ministerial acts. It was confidential and entitled the principal to the benefit of the agent's knowledge and advice. (*Fox v. Cohen,* 34 App. D. C. 389.) This being so, the authority which he had, if any, could not be delegated without the consent of Shoemaker, and, as we have seen, that consent is wanting. A number of decisions are cited by appellant which it is claimed sustain her contention. We refer to a few, typical of the rest. *Bryan v. Abert,* 3 App. D. C. 180, was a case in which a broker duly employed by the owner was the procuring cause of a sale made by the owner himself. It was held that he was entitled to a commission notwithstanding the fact that the owner closed the deal without knowledge of the broker's part in it. In *Lamson v. Sims,* 16 Jones & S. 281, there was a dispute in the testimony as to whether or not the broker was authorized to employ a subagent. This question was submitted to the jury, and the submission was approved by the reviewing court. *Ryer v. Turkel,* 75 N. J. L. 677, 70 Atl. 68, was a case in which Ryer was employed by the owner, Turkel, to make a sale. The purchaser was procured through an employee of Ryer acting under his directions. Turkel refused to pay commission and Ryer sued. The defense was that the employee, not Ryer, was entitled to recover. The court rightfully rejected the defense. None of these cases, nor any of the others called to our attention by appellant, support her theory. "If," says the court in the *Keener Case,* 2 Md. 63, 56 Am. Dec. 706, "a man charged to render a particular service engages another to aid him, it by no means follows that he can

do so, at the expense of his employers, without their consent."
(p. 70.)

A careful review of the whole case satisfies us that there is
no error in the record.  Knott's motion, therefore, to dismiss
is sustained, and the appeal is dismissed as to him, and the
judgment as to Shoemaker is affirmed, the appellant ·to pay
costs in both instances.

A motion for a rehearing was denied March 23, 1918.