## DECKER v. UNITED STATES.

### No. 8750.

Circuit Court of Appeals, Fifth Circuit.

June 17, 1938.

Earl Brewer, of Jackson, Miss., for appellant.

George T. Mitchell, U. S. Atty., of Tupelo, Miss., Chester L. Sumners, Asst. U. S. Atty., of Corinth, Miss., and Lester M. Sack, Asst. U. S. Atty., of Clarksdale, Miss.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

Appellant was convicted of peonage. The United States has moved to dismiss the appeal on the ground that it was taken too late under the provisions of the Criminal Appeals Rules. It appears that a verdict of guilty as charged was rendered on January 27, 1938, and the same day appellant was sentenced to a term of imprisonment of three years and to pay a fine of $1000.00. On February 3, 1938, motions in arrest of judgment and for a new trial were filed. They were considered and disposed of adversely to appellant's contentions the same day. On that day the appeal was allowed in open court.

The Criminal Appeals Rules provide as follows:

"Rule III. Appeals. An appeal shall be taken within five (5) days after entry of judgment of conviction, except that where a motion for a new trial has been made within the time specified in subdivision (2) of Rule II, the appeal may be taken within five (5) days after entry of the order denying the motion.

"Rule II. Motions. (2) Save as provided in subdivision (3) of this Rule, motions in arrest of judgment, or for a new trial, shall be made within three (3) days after verdict or finding of guilt."

Rule XIII, § 2, provides as follows:

"For the purpose of computing time as specified in the foregoing rules, Sundays and legal holidays (whether under Federal law or under the law of the State where the case was brought) shall be excluded."

█ The exception of subdivision (3) of Rule II applies to motions for new trial on the ground of newly discovered evidence. That point was not raised in this case. January 30, 1938, was a Sunday. There were no other legal holidays, under the state or federal law, intervening. From January 27th to February 3, 1938, excluding the intervening Sunday and the day of sentence was six days or one day more than the time allowed for appeal. The motions for new trial and in arrest of judgment not having been filed within three days after judgment entered did not extend the time for taking the appeal. The case presents interesting questions of law but the delay in taking the appeal raises a question of jurisdiction which we may not waive. Under the provisions of the rules, we are without jurisdiction to entertain the appeal. The motion to dismiss the appeal must be granted.

Appeal dismissed.