## BATSON v. UNITED STATES.
### No. 2540.

Circuit Court of Appeals, Tenth Circuit.

June 24, 1942.

Appellant pro se.

Cleon A. Summers, U. S. Atty., of Muskogee, Okl., for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

Appellant, Clarence L. Batson, was tried and convicted June 21, 1940, in the District Court of the United States for the Eastern District of Oklahoma at McAlester, Oklahoma, on an indictment containing two counts, charging him with violations of the National Motor Vehicle Theft Act, 18 U.S.C.A. § 408. He was sentenced June 22, 1940. On August 5, 1941, he filed a pleading called a motion for a new trial and writ of error, predicated on the ground of newly discovered evidence. The motion was overruled November 3, 1941. He has appealed.

The assignments of error in the main present two questions for consideration: (1) It is charged that the two counts of the indictment were inconsistent and that the sentence was excessive. (2) That the court erred in overruling appellant's motion for a new trial without giving him an opportunity to submit proof or argument either in person or by attorney in support thereof.

Rule 3 of the Rules of Practice and Procedure in Criminal Cases, 18 U.S.C.A. following section 688, in part provides: "An appeal shall be taken within five (5) days after entry of judgment of conviction, except that where a motion for a new trial has been made within the time specified in subdivision (2) of Rule 2, the appeal may be taken within five (5) days after entry of the order denying the motion."

Rule 2 (2) provides: "Save as provided in subdivision (3) of this Rule, motions in arrest of judgment, or for a new trial, shall be made within three (3) days after verdict or finding of guilt."

No motion in arrest of judgment or for a new trial was filed within three days as required by the Rule, nor was an appeal taken within five days of the entry of judgment as required by Rule 3 of the Rules of Practice and Procedure in Criminal Cases. A timely appeal is necessary to confer jurisdiction upon the Circuit Court of Appeals to review the proceedings in the trial court. Meyers v. United States, 5 Cir., 116 F.2d 601; Fewox v. United States, 5 Cir., 77 F.2d 699; United States v. Tousey, 7 Cir., 101 F.2d 892. No appeal having been taken within the time prescribed by the Rule, we are without jurisdiction to review the proceedings of the original trial.

There remains for consideration, therefore, only the question whether we have jurisdiction to entertain the appeal from the order of the court overruling the petition for a new trial. Rule 2 (3) provides, in substance, that a motion for a new trial solely upon the ground of newly discovered evidence may be made within sixty days after final judgment without regard to the expiration of the term at which the judgment has been entered, unless an appeal has been taken, in which event the trial court can entertain the motion only on remand of the appellate court. But appellant did not com-

ply with this rule. Although no appeal was taken from the judgment of the trial court, the motion for a new trial on the grounds of newly discovered evidence was not filed within the sixty days required by the rule. As a matter of fact, it was not filed for more than thirteen months thereafter, and after the term of court at which it was entered had expired.

We do not pass upon the jurisdiction of the trial court to entertain the motion for a new trial because in any event the appeal must be dismissed. The order of the trial court overruling the motion for a new trial was entered November 3, 1941. No appeal was taken from this order until February 23, 1942. This appeal, taken more than ninety days after the entry of the order denying the petition for a new trial, comes entirely too late to invest this court with jurisdiction over the proceedings subsequent to the original judgment of the court.

The appeal is therefore dismissed.