### UNITED STATES v. INFUSINO.

No. 8069.

Circuit Court of Appeals, Seventh Circuit.

Nov. 28, 1942.

618

Eugene J. Sullivan, of Milwaukee, Wis., for appellant.

B. J. Husting, U. S. Atty., and Carl R. Becker, U. S. Atty., both of Milwaukee, Wis., for appellee.

Before MAJOR, KERNER, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

The Government has made a timely motion to dismiss this appeal for the reason that the defendant-appellant did not give notice thereof within five days from the date of the judgment appealed from.

On July 22, 1942 the defendant-appellant was convicted of perjury. After the jury had returned its verdict and on the same day, counsel for the defendant-appellant made an oral motion for a new trial, with leave granted to reduce the motion to writing and file the written motion within two days, the same to be considered as filed as of July 22, 1942. The oral motion was argued and overruled by the court on July 22, 1942, and judgment was entered on the verdict of guilty the same day.

On July 24, 1942 the written motion for a new trial conforming to the oral motion of July 22, 1942 was filed. No action was taken on it as it was filed on July 24, 1942 nunc pro tunc as of July 22, 1942.

On July 30, 1942 the defendant-appellant filed his notice of appeal in the clerk's office. Excluding the Sunday intervening between July 22, 1942 and July 30, 1942 (Rule 13 Criminal Procedure, 18 U.S.C.A. following Section 688), there were seven days that had intervened between judgment and the notice of appeal therefrom. Rule 3 of the Rules of Criminal Procedure, 18 U.S.C.A. following Section 688, provides that appeals shall be taken within five days after entry of judgment of conviction, or if a motion for a new trial has been made within the three days limited therefor, then within five days of the order denying the motion.

The motion for a new trial was made and overruled on July 22, 1942, the date judgment was entered. The notice of appeal was filed July 30, 1942, which, excluding the intervening Sunday, was seven days from the date judgment was entered and the motion for a new trial overruled. This was two days later than was authorized by the Rules of Criminal Procedure, which have the effect of statutory law.

We have only such jurisdiction as is given us by law. Our right to hear and determine appeals in criminal cases is governed by Rule 3 and is confined within the five-day limit, excluding Sundays and holidays, between the court's judgment of conviction or entry of its order denying the motion for a new trial, and the notice of appeal. This is jurisdictional, and we are powerless to accept or consider an appeal taken after the expiration of the five-day period.

The appeal in the case at bar was two days late, and we are without jurisdiction to consider it. The motion of the Government is sustained, and the appeal is dismissed. Miller v. United States, 5 Cir., 104 F.2d 343; United States v. Tousey, 7 Cir., 101 F.2d 892; Decker v. United States, 5 Cir., 97 F.2d 473; Wilson v. Byron Jackson Co., 9 Cir., 93 F.2d 577; O'Gwin v. United States, 9 Cir., 90 F.2d 494; Burr v. United States, 7 Cir., 86 F.2d 502.