**BEACH v. DISTRICT OF COLUMBIA.**

Orig. No. 240.

Municipal Court of Appeals for the District of Columbia.

Nov. 29, 1945.

Before CAYTON and HOOD, Associate Judges.

HOOD, Associate Judge.

The petitioner asks leave of this court to file notice of appeal from a judgment of conviction in the Criminal Division of The Municipal Court for the District of Columbia, the time for filing such notice having expired. The immediate question for our consideration is whether this court has power to grant such relief.

The Act creating this court gave it authority to regulate all matters relating to appeals [Code 1940, 11—772(a)], and directed that its rules should conform as nearly as practicable to the Federal Rules of Civil Procedure. 28 U.S.C.A. following section 723c. Code 1940, 11—774(b). Pursuant to that authority and direction, this court provided that an appeal, in both civil and criminal cases, should be taken by the filing of a notice of appeal. Rules 16, 17 and 18. Cf. Federal Rules of Civil Procedure, rule 73. The Federal Rules of Civil Procedure do not fix the time for filing the notice of appeal; and since one purpose of Congress in creating this court was to provide a method of expeditious appeal (District Hauling & Construction Co., Inc., v. Argerakis, D.C.Mun.App., 34 A.2d 31), we fixed ten days as the time for filing notice of appeal in civil cases, five days in criminal cases, and five days in Juvenile Court cases. Rule 27(a), (b), (c).[1] The

five day period in criminal cases conforms to the time fixed for notice of appeal by Rule III of the Rules of Practice and Procedure in Criminal Cases, 18 U.S.C.A. following section 688, adopted by the Supreme Court of the United States. 292 U.S. 660, 662, 54 S.Ct. xxxvii.

Having fixed the time for filing notice of appeal, we provided that "there shall be no extensions of time for filing" such notice, reserving the power to enlarge the time for taking any step after notice of appeal is filed. Rule 27(p). This rule conforms to Rules 6(b) and 73(a) of the Federal Rules of Civil Procedure, as well as to Rule 32(b) of the United States Court of Appeals for the District of Columbia; and its purpose, like that of all rules and statutes limiting the time for appeal, "is to set a definite point of time when litigation shall be at an end," unless within the time limited an appeal is initiated in the prescribed manner. Matton Steamboat Co., Inc., v. Murphy, 319 U.S. 412, 415, 63 S.Ct. 1126, 87 L.Ed. 1483.

Our conclusion is that the rules of this court, in accordance with existing civil[2] and criminal practice[3] in the federal courts and conforming to the long-established practice in this jurisdiction,[4] make the filing of the notice of appeal jurisdictional;[5] and unless such notice is timely filed, we have no power to extend the time or to review the case.

The present case is not one where timely but irregular action was taken. Cf. Reconstruction Finance Corporation v. Prudence Securities Advisory Group, 311 U.S. 579, 61 S.Ct. 331, 85 L.Ed. 364; Boykin v. Huff, 73 App.D.C. 378, 121 F.2d 865. Here no action was taken within the specified time, and the motion must be denied.

Motion denied.

---

[1] The Act itself fixes a time of three days for the filing of an application for appeal in those cases where there is no appeal of right. Code 1940, § 11—772 (a).

[2] Tinkoff v. West Publishing Co., 7 Cir., 138 F.2d 607, certiorari denied 322 U.S. 740, 64 S.Ct. 1054, 88 L.Ed. 1574; Morrow v. Wood, 5 Cir., 126 F.2d 1021; United Drug Co. v. Helvering, 2 Cir., 108 F.2d 637.

[3] United States v. Infusino, 7 Cir., 131 F.2d 617; Batson v. United States, 10

Cir., 129 F.2d 463; Miller v. United States, 5 Cir., 104 F.2d 343, certiorari denied 308 U.S. 549, 60 S.Ct. 87, 84 L. Ed. 462; Decker v. United States, 5 Cir., 97 F.2d 473.

[4] Ex parte Dante, 228 U.S. 429, 33 S. Ct. 579, 57 L.Ed. 905; Sterrett v. Shoemaker, 47 App.D.C. 455; Safeway Stores, Inc., v. Coe, 78 U.S.App.D.C. 19, 136 F. 2d 771, 148 A.L.R. 782.

[5] Crowley v. Wood, D.C.Mun.App., 31 A.2d 861.