**KYLE v. WILEY.**

No. 1006.

Municipal Court of Appeals for the
District of Columbia.

Reargued Jan. 8, 1951.

Decided Feb. 16, 1951.

George C. Dreos, Washington, D. C., for appellant.

Catherine McCloskey, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Judges.

HOOD, Judge.

This appeal is from an order dismissing an amended complaint and our first question is whether the appeal was timely taken. The question arises from the following circumstances. A motion to dismiss the amended complaint, having been previously denied, was reheard and taken under advisement by the trial court. On October 6 the motion was granted and entry to that effect made in the docket. On October 7 notice of the court's action was mailed to the parties. October 8 was a Sunday and appellant's counsel probably received notice on October 9. Notice of appeal was filed on October 18.

This court's rule 27(a) requires that notice of appeal in civil cases be filed within ten days "from the date of the judgment or order appealed from", and we have held that this time limit is jurisdictional and cannot be extended.[1] Date of judgment or order, as used in our rule, means its effective date. Rule 52 of the trial court provides that notation of a judgment in the civil docket constitutes entry of judgment and that the judgment is not effective before such entry. That rule makes no reference to a final order, as distinguished from a judgment, but is probably broad enough to include a final order. By analogy at least, the effective

1. Syndicated Construction Corp. v. Ross, D.C.Mun.App., 73 A.2d 899; Beach v. District of Columbia, D.C.Mun.App., 44 A.2d 926; Crowley v. Wood, D.C.Mun. App., 31 A.2d 861.

date of a final order is the date it is noted in the docket. Thus the effective date of the order now under consideration was October 6 and if the ten days allowed for taking an appeal ran from that date, the notice filed October 18 was too late.

Two other rules must be considered. The trial court's rule 66(d) provides: "Notice of Orders or Judgments. Immediately upon the entry of an order or judgment signed or decided out of the presence of parties or their counsel, the Clerk shall serve a notice of entry by mail in the manner provided for in rule 5 upon every party affected thereby who is not in default for failure to appear and shall make a note in the docket of the mailing. * * *"

Our rule 10(b) provides: "Whenever a party has the right or is required to act or proceed within a prescribed period after service of a notice or other paper upon him and such notice or paper is served by mail, 2 days from the date of mailing shall be added to the prescribed period."

■ Although our rule 27(a) provides that the ten days for appeal runs from the date of the order or judgment and not from notice of entry thereof, we believe such rule, viewed in the light of the trial court's rule 66(d) and our rule 10(b), should be construed to mean that two days shall be added to the ten-day period when there is entry of judgment or order signed or decided outside of the presence of the parties and notice thereof is given by mail. Under this construction notice of appeal was timely filed in this case.

Such a construction harmonizes the rules of this court and those of the trial court, and will prevent a party's time for appeal being unduly shortened. It may be noted that under this construction the time for appeal still runs from the date of the judgment or order. It is not dependent on receipt of notice, but if notice is promptly mailed, as the trial court's rule requires, it will ordinarily be received within two days, even if a Sunday or a holiday intervenes, and the party receiving notice will have the same ten-day period afforded when the judgment or order is made in open court.[2]

■ Unless our rule is construed as we have indicated, the result would be that in cases such as the present a party would have less than ten days in which to appeal. We have held such time cannot be extended and we also feel it should not be shortened. Especially is this true because of the comparatively short time fixed by our rules for appealing. If the time for appealing was twenty, thirty, sixty or more days, as it is in many jurisdictions, two days might not be important, but here two days amount to one-fifth of the total time. Congress has given the right of appeal to this court. We have fixed the time for exercising that right at almost the minimum. If our rules are so construed as to even further limit the time for appealing, there is danger of reaching that point where the time is so limited as to result in an unreasonable discrimination in the right of appeal or even a discriminatory denial of the right itself.[3]

Furthermore, we believe that the history of the rules of this court and of the Municipal Court render the above construction proper. Our rule 27(a), requiring that notice of appeal in civil cases be filed within ten days from "date of the judgment or order appealed from", together with all other present rules of this court, was adopted September 14, 1942, shortly after the creation of the court, and has not since been amended. The then existing rules of the Municipal Court did not prescribe exactly how the date of the judgments of the Municipal Court were to be

2. Cf. Hill v. Hawes, 320 U.S. 520, 64 S. Ct. 334, 88 L.Ed. 283, 149 A.L.R. 736.

3. "While due process under the Fifth Amendment, as under the Fourteenth, does not require appellate review, nevertheless when Congress creates that right it is not free from all constitutional restrictions, including the obligation not to make unreasonable discriminations." Boykin v. Huff, 73 App.D.C. 378, 385, 121 F.2d 865, 872. "* * * a discriminatory denial of the statutory right of appeal is a violation of the Equal Protection Clause of the Fourteenth Amendment." Dowd v. United States, 71 S.Ct. 262, 263.

evidenced. Attention was drawn to this situation by this court in Conrad v. Medina, D.C.Mun.App., 47 A.2d 562, decided June 5, 1946. On January 6, 1947, rule 52 of the Municipal Court was amended by that court, and for the first time it was provided, as outlined above, that the notation of a judgment in the civil docket constitutes the entry of judgment, and the judgment is not effective before such entry. The Municipal Court already had in effect as rule 66(e) the rule quoted above, and now designated rule 66(d), providing for service by mail of notice of orders or judgments signed or decided out of the presence of parties or their counsel, and this court already had in effect rule 10(b), giving two days additional when a party has a right or is required to act or proceed within a prescribed period after the service of a notice or other paper upon him and such notice or paper is served by mail. As a result of the above described change in rules by the Municipal Court, we believe there exists a clear ambiguity, which can be cured only by the interpretation of our rule now adopted.

Turning to the merits of the appeal, we find that the amended complaint, though poorly drawn, alleges in substance that defendant agreed that if plaintiff, a real estate broker, and defendant's son would assist defendant in obtaining title to a piece of real estate for a price of $2,500, defendant would engage plaintiff and defendant's son to resell the property and defendant would pay to plaintiff and defendant's son an amount equal to the excess of the resale price over $3,000; that pursuant thereto defendant, through the services of plaintiff and defendant's son, obtained title to the property for such price of $2,500; but that after so obtaining said property defendant refused to permit plaintiff and defendant's son to offer the property for resale. Damages were asked on the basis of a resale price of $5,500, alleged to be the "contemplated" resale price.

■ The trial court in dismissing the amended complaint gave no reason for its action, but the motion to dismiss stated five grounds. The first ground was that the complaint failed to state a claim on which relief could be granted and it was argued that plaintiff had no right of recovery without showing performance on his part. This ground is untenable because it is plaintiff's claim that full performance on his part was made impossible by defendant.

■ The second ground urged was that even if a contract existed defendant had a right to withdraw prior to performance. Since plaintiff alleged a partial performance on his part in assisting defendant in acquisition of the property, defendant having accepted such service would have no right to then withdraw from the agreement.

■ The third ground set up is the statute of frauds.[4] We do not see the application here of that statute. Plaintiff claims no interest in the real estate.

■ The fourth ground is that our law prohibits a real estate broker from offering property for sale without written authorization from the owner.[5] Again we see no application of the statute to the present situation. Plaintiff's complaint is that defendant, having accepted his service in acquiring title and having agreed in consideration thereof to authorize plaintiff to offer the property for resale, refused to do so. The failure of defendant to authorize the resale, including the giving of written authority if that is necessary,[6] is the basis of plaintiff's claim.

■■ The fifth ground is that the alleged agreement is unconscionable and against public policy in that the broker would receive a disproportionate amount of the profit on the resale. Until there is proof of what price could have been obtained on a resale, there is no way of determining what amount the broker would have received. Furthermore, a bad bargain is not for that reason alone illegal or voidable.

■ An additional point made in appellee's brief is that assuming the existence

4. Code 1940, 12–302.

5. Code 1940, 45–1408(n).

6. See Murphy v. Mallos, D.C.Mun.App., 59 A.2d 514.

of the alleged agreement there is no basis on which damages can be computed. This argument appears to be based on the fact that plaintiff never found a purchaser at resale. As said before, plaintiff's complaint is that he was not allowed to find a purchaser and that this constituted a breach of defendant's agreement with him. The damages for such breach will depend on proof at trial. A party is entitled to the relief which the facts warrant, even though his own theory of damages may be unsound.[7]

In our opinion the complaint, although vague and ambiguous in some respects, makes out a claim upon which relief can be granted if supported by proof. As we recently pointed out, such a pleading is more appropriately met by a motion to make more certain than by a motion to dismiss. McChesney v. Moore, D.C.Mun. App., 78 A.2d 389.

Reversed.

CAYTON, Chief Judge, dissenting. I think it should be held that the appeal was filed too late and should for that reason be dismissed.

7. Municipal Court rule 49 (b), patterned after Fed.Rules Civ.Proc. rule 54 (c),

28 U.S.C.A. Truth Seeker Co. v. Durning, 2 Cir., 147 F.2d 54.