**Geneva K. VALENTINE, Petitioner,**

v.

**REAL ESTATE COMMISSION of the District of Columbia, Respondent.**

No. 2562.

Municipal Court of Appeals for the District of Columbia.

Argued July 11, 1960.

Decided Aug. 25, 1960.

Albert T. Hamlin, Washington, D. C., with whom Carl Phillip Fogel, Washington, D. C., was on the brief, for petitioner.

Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., were on the brief, for respondent.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Petitioner seeks our review of a decision of the Real Estate Commission suspending her real-estate broker's license for 90 days. Code 1951, 11–772(e) (9) (Supp. VIII).

Pursuant to the procedures outlined in Code 1951, 45–1409, petitioner was charged with violations of: (1) 45–1408(a), making a substantial misrepresentation; (2) 45–1408(g), failing within a reasonable time to account for or to remit money belonging to others; and (3) 45–1408(h), demonstrating such unworthiness or incompetence as a real-estate broker as to endanger the interests of the public. After a public hearing, at which she was represented by

counsel, the Commission found her not guilty of a violation of 45–1408(a) but guilty of the violations of 45–1408(g) and (h), and ordered her license suspended for 90 days.

Counsel for petitioner on this appeal advances several reasons why we should reverse the actions of the Commission. When the matter came on before us for oral argument on July 11, counsel for the respondent suggested that the case was moot because petitioner on May 2, 1960, had surrendered her broker's license and had not applied for the required renewal of the license on July 1, 1960, which license by its own terms expired on the latter date. The court at that time requested counsel for both parties to file with it a memorandum on the question of mootness. On July 12, 1960, we *sua sponte* raised the question as to whether or not the appeal should be dismissed because the petition for review had not been timely filed and we requested counsel to file a memorandum on that question as well.

Counsel for the parties have filed a memorandum on both questions and after careful consideration we have reached the conclusion, for reasons hereinafter discussed, that the petition for review was filed too late and that the appeal should be dismissed. In view of this we do not reach the merits of the matter nor the question of mootness.

The basic act creating this court in Code 1951, 11–774 provides that it "shall have the power and is hereby directed to prescribe, by rules, the forms of process, writs, pleadings and motions, and practice and procedure in such court, to provide for the efficient administration of justice, and the same shall conform as nearly as may be practicable to the forms, practice, and procedure now obtaining under the Federal Rules of Civil Procedure * * *."

Pursuant to this statutory authority the court has provided by rule the time schedule regulating various steps on appeal of right. Rule 27(a), (b), and (c) require that notices of appeal in civil and criminal cases and appeals from the Juvenile Court be filed with the clerk of the trial court within 10 days from the date of entry of the judgment or order appealed from; Rule 27(q) provides "[t]here shall be no extensions of time for filing notices of appeal under sections (a), (b), or (c) hereof." This court has consistently held that the taking of an appeal within the prescribed time is mandatory and jurisdictional and that such time cannot be enlarged.[1]

When we were given exclusive jurisdiction to review the orders or decisions of the administrative agencies of the District, including the Real Estate Commission, we adopted a separate set of rules to govern appeals in such cases and we provided by Rule 1 of our administrative rules "[a]ny person seeking a review of a final order or decision of a Board or Commission * * * shall, within 15 days from the date of having been given formal notice of such order or decision, file with the Clerk of this Court, a petition for review," and by Rule 12 we provide that "[i]n all respects not specifically covered by these rules, the provisions of the general rules of this Court shall, as far as they may be applicable, govern the conduct of reviews in these cases."

The record here demonstrates that on December 14, 1959, petitioner was given "formal notice" of the decision of the Commission suspending her license; the petition for review was filed with this court on December 30, 1959. Her last day therefore for filing the petition was December 29, 1959. While it may seem harsh to dismiss the appeal because petitioner was one day late in filing a petition

1. Seebold v. Holbrook, D.C.Mun.App., 103 A.2d 876; Burke v. Loughrin, D.C. Mun.App., 91 A.2d 564; Syndicated Const. Corp. v. Ross, D.C.Mun.App., 73 A.2d 899; Beach v. District of Columbia, D.C.Mun.App., 44 A.2d 926.

for review, we feel we have no discretion except to take such action. While it is true that the administrative rules do not expressly make the timely filing of a review petition jurisdictional nor provide that this may not be enlarged, we think there is no difference in principle between the timely filing of a notice of appeal under our general rules and the timely filing of a petition for review under our administrative rules. As pointed out, Rule 12 of the latter rules specifically provides that the provisions of our general rules shall, unless inapplicable, govern the conduct of administrative reviews and we feel that what is true under our general rules applies with equal force to our administrative rules.

We hold therefore that the necessity of filing the petition in this case within the prescribed time was mandatory and jurisdictional and that accordingly we have no discretion except to dismiss the appeal.

Appeal dismissed.