William POYNER, Petitioner,

v.

POLICE AND FIREMEN'S RETIRE-
MENT AND RELIEF BOARD,
Respondent.

No. 82–135.

District of Columbia Court of Appeals.

Feb. 11, 1983.

Before KELLY, KERN and FERREN,
Associate Judges, in Chambers.

PER CURIAM:

Respondent, the District of Columbia Police and Firemen's Retirement and Relief Board (Board), moves to dismiss the petition for review filed by William Poyner for lack of jurisdiction on the ground · that it was not timely filed. We disagree and deny the motion.

I.

The Board notified Poyner on January 4, 1982, of a decision that he was not entitled to equalization increases in his annuity under D.C.Code § 4–605(c) (1981). Poyner timely filed a motion for reconsideration on January 21; the motion was denied on January 29.

January 29, however, was a Friday; the Board did not mail its decision to Poyner until Monday, February 1. A return receipt disclosed that Poyner received the decision on February 5. On February 19, Poyner filed his petition for review in this court, 21 days after the date of the motion denial order, 15 days after the expiration of a three-day period following the mailing of

**1250**

the order, and 14 days after actual receipt of the notice.

## II.

■ Filing of petitions for review of agency decisions is governed by D.C.App.R. 15. Rule 15(b) provides that petitions must be filed within 15 days "from the date of having been given formal notice of the order or decision sought to be reviewed unless an applicable statute provides a different time ...." Rule 15(c) states, however, that the running of this time period is terminated "by the timely filing pursuant to the rules of the agency of a petition for rehearing or reconsideration and the full time for filing a petition for review as fixed by subdivision (b) of this Rule commences to run and is to be computed from the date of the order denying said petition."

No reported cases have construed Rule 15(c). Rule 15(b), by which the time to file a petition clearly begins when formal notice of the order is given, has been interpreted strictly. *See Conner v. District of Columbia Bureau of Motor Vehicle Services,* 442 A.2d 957 (D.C.1982) (time period began to run when attorney, not party, was served); *Valentine v. Real Estate Commission,* 163 A.2d 554 (D.C.Mun.App.1960) (court held to be without discretion to increase time period provided by identical predecessor rule, in order to allow petition to be filed one day late). The 30-day period for filing a notice of appeal under Rule 4 has similarly been strictly construed. *See District of Columbia v. Tschudin,* 390 A.2d 986 (D.C.1978); *In re C.I.T. and C.M.T.,* 369 A.2d 171 (D.C. 1977).

In *Valentine v. Real Estate Commission, supra,* 163 A.2d at 556, the court, in reviewing the timeliness of a petition filed under the identical predecessor rule to Rule 15(b), concluded "... there is no difference in principle between the timely filing of a notice of appeal under our general rules and the timely filing of a petition for review under our administrative rules." Rule 4 II(a)(3) adds three days for mail service to the period in which civil notices of appeal

may be filed; Rule 4 II(b)(4) similarly adds three days in criminal cases. These provisions were included in the rules of this court after the court decided, in *Kyle v. Wiley,* 78 A.2d 769 (D.C.Mun.App.1951), that it was necessary to allow extra days when a party was served with an order by mail. "The rationale of the *Kyle* decision, as thereafter embodied in our rule 27(e), [now Rule 4 II(a)(3)] is that where a final judgment or order is entered *without previous notice* to the parties and notice is given by mail, two days shall be added to the ten-day period for noting an appeal, in order that a party shall not be deprived of the benefit of ten full days for noting an appeal." *DaCosta v. Hardy,* 118 A.2d 805, 807 (D.C.Mun.App. 1955) (emphasis in original).

Explaining the justification for adding extra days for mail service even where a rule, as does the present Rule 15(c), only states that the time for filing begins to run from the date of the order or judgment, Judge Hood outlined the rationale of the *Kyle* court:

Although our rule 27(a) provides that the ten days for appeal runs from the date of the order or judgment and not from notice of entry thereof, we believe such rule, viewed in the light of the trial court's rule 66(d) and our rule 10(b), should be construed to mean that two days shall be added to the ten-day period when there is entry of judgment or order signed or decided outside of the presence of the parties and notice thereof is given by mail....

\*  \*  \*  \*  \*  \*

Unless our rule is construed as we have indicated, the result would be that in cases such as the present a party would have less than ten days in which to appeal. We have held such time cannot be extended and we also feel it should not be shortened. Especially is this true because of the comparatively short time fixed by our rules for appealing... If our rules are so construed as to even further limit the time for appealing, there is danger of reaching that point where the time is so

limited as to result in an unreasonable discrimination in the right of appeal or even a discriminatory denial of the right itself.

*Kyle, supra,* 78 A.2d at 771. The *Kyle* decision also commented that the two extra days allowed for mail service amounted to one-fifth of the time of the ten-day appeal period. *Id.* Allowing three extra days for mailing of the order under Rule 15(c) similarly would extend a short period of 15 days by one-fifth. For these reasons, we hold that where agency orders on motions for reconsideration are entered out of the presence of the parties, three extra days for mail service are allowed petitioners under Rule 15(c).

### III.

■ Two other time periods are involved in this case. The first is the three-day hiatus between the supposed date of decision, January 29, and the date of its mailing, February 1. The second is the four-day span from the date of mailing, February 1, to the date of receipt, February 5. The decision was reached, according to the letter dated January 29 sent to Poyner by Board Chairman Hairston, at the conclusion of a meeting held the previous day, January 28. Even if Poyner or his counsel had coincidentally happened to travel to the Board office on January 29, it is not clear from the record that he would have learned that his motion had been officially denied as of that day, as the Board appears to have prescribed no formal procedure for release of decisions other than by letter. The most appropriate date for use, therefore, as the effective date of decision is February 1, when the decision was mailed by certified mail to Poyner. Recognition of January 29 as the decision date, as the Board proposes, charges the three days during which the decision remained entirely within the internal processes and control of the Board to the petitioner, and also diminishes any incentive for the Board to dispatch decisions promptly. Such untrammelled power to shorten a petitioner's time to appeal could arguably lead to increasingly dilatory mailing of orders.

■ The second period—from mailing date to receipt by the petitioner—should be the standard three days afforded for use of the mails. *See* D.C.App.R. 4 II(a)(3), 4 II(b)(4), and 26(c), and FED.R.CIV.P. 6(e). If this standard period is used, it was noted in *Kyle, supra,* 78 A.2d at 771, "... the time for appeal still runs from the date of the judgment or order. It is not dependent on receipt of notice, but if notice is promptly mailed, as the trial court's rule requires, it will ordinarily be received within two days ...." Our expectations of the postal service have diminished by one-third over the more than 30 years since *Kyle* was decided, but the use of a standard time span for mailing remains proper.

### IV.

■ The Board's interpretation of Rule 15(c) would reduce the time allowed for petitioner to appeal from fifteen days to eight days, as seven days elapsed from the date of Chairman Hairston's letter to its receipt by Poyner. In addition to the reasons discussed above for computing the applicable periods differently, to reduce the effective time to appeal to fewer than ten days may "result in an unreasonable discrimination in the right of appeal or even a discriminatory denial of the right itself." *Kyle, supra,* 78 A.2d at 771. "While due process under the Fifth Amendment, as under the Fourteenth, does not require appellate review, nevertheless when Congress creates that right it is not free from all constitutional restrictions, including the obligation not to make unreasonable discriminations." *Boykin v. Huff,* 73 U.S.App.D.C. 378, 385, 121 F.2d 865, 872 (1941).

Poyner argues that the full 15-day period must begin on the date he actually received notice by mail. We hold instead that Rule 15(c) encompasses a period of fifteen days to file a petition and a three-day mailing period computed from the date of mailing. Applied to the instant case, the period expired on February 19, 1982, the date the

petition for review was filed. Therefore, the petition was timely filed and the motion to dismiss is

*Denied.*