Date: August 18, 1984

**TOWN CENTER MANAGEMENT, Petitioner,**

v.

**DISTRICT OF COLUMBIA RENTAL HOUSING COMMISSION, Respondent.**

No. 84–1451.

District of Columbia Court of Appeals.
Submitted June 7, 1985.
Decided Aug. 1, 1985.

---

* These members did not participate in the    Board's decision in this matter.

Kenneth J. Loewinger and Paul D. Crumrine, Washington, D.C., were on the brief for petitioner.

Inez Smith Reid, Corp. Counsel, John H. Suda, Principal Deputy Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, and Richard B. Nettler, Asst. Corp. Counsel, Washington, D.C., were on the brief for respondent.

Before NEBEKER, NEWMAN and BELSON, Associate Judges.

NEBEKER, Associate Judge:

This appeal from a determination by the District of Columbia Rental Housing Commission (RHC) raises a single issue: whether the appeal to the RHC by petitioner Town Center Management Corporation, a landlord, was timely filed. Petitioner argues that because there is no reliable evidence of when the Rent Administrator's final decision was mailed, and the appeal was filed within 10 working days of its receipt, the RHC erred in dismissing the appeal as untimely. For reasons stated by Commissioner David H. Marlin, dissenting from the dismissal of the appeal, we agree with petitioner that the appeal was timely. We reverse and remand for further proceedings.

By decision of the Rent Administrator, dated June 12, 1984, petitioner was ordered to pay tenant Willie B. Shaird a refund of $150 for inadequate heat during a 10-day period in December 1983. Petitioner received the order on June 19, and filed an appeal with the RHC on July 2, 1984. A majority of the Commission dismissed the appeal as untimely because the order of June 12 noted an appeal deadline of June 29.

■■■ D.C.Code § 45–1527(g) (1981) provides in pertinent part that "[a]n appeal from any decision of the Rent Administrator ... may be taken by the aggrieved party to the Rental Housing Commission within 10 days after the decision of the Rent Administrator ...." Under the rules promulgated by the RHC, service by mail is complete upon mailing. *Regulations of the District of Columbia Rental Housing Comm'n* § 3115.6, 30 D.C.Reg. 6191 (Dec. 2, 1983). For purposes of filing an appeal, the date of decision is the date of mailing. *See Poyner v. Police and Firemen's Retirement and Relief Board,* 456 A.2d 1249, 1251 (D.C.1983). Only business days are counted in computing any period of time prescribed in the rules, and "Saturdays, Sundays, and legal holidays shall be excluded from computations of periods of time." *Id.* at §§ 3116.1, 3116.2. For service by mail, the rules add three days to the prescribed period. *Id.* at § 3116.4. Finally, for good cause shown, the Rent Administrator may enlarge the time prescribed. *Id.* at § 3116.5.[1] We note as to the latter that the rule sets no outside limit. *Compare* D.C.App.R. 4(a)(4), (b)(3) (extension of

---

[1] As is evident from this survey of the relevant RHC rules, they differ significantly from those promulgated by the District of Columbia Department of Employment Services (DOES). Under DOES rules, a claimant of unemployment benefits must appeal an adverse determination within 10 calendar days of the date shown on the decision. D.C.Code § 46–112(b) (1981); *Gosch v. District of Columbia Department of Employment Services,* 484 A.2d 956 (D.C.1984). Under D.C.Code § 46–112(e) (1981), the 10-day period for appeal to the DOES is jurisdictional, and the agency does not have discretion to extend the period for good cause shown. *Thomas v. District of Columbia Department of Employment Services,* 490 A.2d 1162, 1164 (D.C.1985). The Unemployment Compensation Act requires DOES to afford a claimant a "reasonable opportunity for fair hearing." D.C.Code § 46–112(e) (1981). That agency is therefore required to present evidence that notice was mailed to the claimant's listed address and to establish the date of mailing. *Thomas, supra,* 490 A.2d at 1164; *Carroll v. District of Columbia Department of Employment Services,* 487 A.2d 622, 624 (D.C.1985).

**266**

30 days beyond initial appeal period permissible for good cause shown).

■ Respondent RHC in its brief construes its statute and rules to provide that the time for appeal is 13 business days from the day after the Rent Administrator's decision is sent to the parties and not from when the decision is received. *Poyner, supra,* 456 A.2d at 1251. In *Poyner,* as here, we were construing a rule which provided that an appeal must be filed within a specified number of days after the date of a decision. We held that, if the decision is not issued in the presence of the parties, then an aggrieved party's time for filing an appeal runs from the date the decision is mailed, with three extra days for the mailing. *Id.* at 1251 (provision of extra days is related to "our expectations of the postal service"). We apply the *Poyner* rule here. However, we hold that the burden is on the agency to provide proof of the actual date of mailing, through certified mail or accurate entries pursuant to prescribed agency mailing procedures.[2] *See Thomas, supra,* note 1, 490 A.2d at 1163.

■ Under some circumstances an agency may be estopped from asserting that an appeal has not been timely filed: for example, where the decision is mailed later than the day of its issuance and therefore for a period of time "remained entirely within the internal processes and control of the [agency]." *Poyner, supra,* 456 A.2d at 1251. As *Poyner* points out, "[s]uch untrammeled power to shorten a petitioner's time to appeal could arguably lead to increasingly dilatory mailing of orders." *Id.*

**2.** D.C.Code § 45–1527(i) (1981) provides that any decision made by the Rent Administrator or the RHC "shall be mailed by certified mail or any other form of service which assures delivery to the parties of the decision." The City Council thus appears to express a preference for certified mail as the appropriate form of service, while still permitting other reliable methods.

**3.** We also agree with Commissioner Marlin's statement that the Commission's majority erred in asserting that the three days for mailing are counted as calendar days, not business days. Section 3116.2 of the Commission's Rules, *supra,* excludes Saturdays, Sundays, and legal

Commissioner Marlin's dissent characterizes the situation at the RHC as that anticipated by the *Poyner* court. He writes:

It is now known to me that since both agencies [the Rental Accommodations Office and the RHC] moved in December 1983 from the Lansburgh Building at 420—7th Street, N.W., to the North Potomac Building at 614 H. Street, N.W., outgoing agency mail often has been transported back to the Lansburgh Building for processing before being delivered to the post office.

This transference frequently has delayed posting the mail from one to several days. The result is that the dated mail logs maintained by both agencies and dates stamped on both agencies' pleadings may not reflect the date of actual mailings.

The consequence has been that the time limits for filing appeals with the Commission from ... orders ... often have been impossible to meet.

We agree with Commissioner Marlin.[3] Based on our rationale in *Poyner, supra,* we hold that petitioner's appeal to the RHC was timely filed. We remind the Commission of the need for more detailed rules and for precision in recordation of steps having jurisdictional potential.

*Reversed and remanded for further proceedings.*

holidays from computations of periods of time under the Rules. The provision makes no exception for the three-day mailing period provided in § 3116.4.

Finally, we note that respondent should carefully review a point petitioner sought to raise on appeal to the RHC, that the examiner erred in failing to state his basis for determining that $15 per day was the refund to which the tenant was entitled for the 10 days of reduced services when that amount exceeds the per diem rental rate for the leased premises. *Bealer v. District of Columbia Rental Housing Comm'n,* 472 A.2d 901, 903 (D.C.1984).