Fred TARPLEY, Sr., Appellant,

v.

**DISTRICT OF COLUMBIA, a Munici-
pal Corporation, Appellee.**

No. 8015.

District of Columbia Court of Appeals.

Submitted Feb. 25, 1975.

Decided June 23, 1975.

1. *Tarpley against Department of Corrections*,
District of Columbia, Office of Equal Em-

Peter S. Ridley, Jr., Washington, D. C.,
was on the brief for appellant.

C. Francis Murphy, Corp. Counsel, Louis
P. Robbins, Principal Asst. Corp. Counsel,
Richard W. Barton and Leo N. Gorman,
Asst. Corp. Counsels, Washington, D. C.,
were on the brief for appellee.

Before KELLY and FICKLING, Asso-
ciate Judges, and BELSON, Associate
Judge, Superior Court.\*

KELLY, Associate Judge:

Appellant, a computer systems analyst,
was a civil service employee of the D. C.
Department of Corrections from February
24 to November 14, 1969. On the latter
date he was discharged for an alleged fail-
ure to demonstrate the skills and traits
necessary to the satisfactory performance
of his position. Before his discharge,
however, appellant had filed a complaint
with the Director of the Equal Employ-
ment Opportunity Office (EEO) of the
Human Resources Commission claiming ra-
cial harassment and discrimination by his
superiors. Following an investigation a
hearing was held on these charges, and on
reasons for his dismissal as well, which re-
sulted in a finding that appellant had been
the victim of racial discrimination and in a
recommendation that he be reinstated to his
former GS–9 position with back pay.

On March 18, 1971 the EEO Director
adopted as his decision the findings and
recommendations of the hearing examiner.[1]

ployment Opportunity Decision Docket No.
516-DC.

Appellant was notified of this decision by a letter which included the statement that:

> If you are not satisfied with the decision you may appeal to the Deputy Commissioner of the District of Columbia within 15 working days of receipt of the decision in accordance with Section 13 of the Commissioner's Order No. 71–26, a copy of which is enclosed.

Commissioner's Order No. 71–26 provides that after appeal to the [then] Deputy Commissioner an employee such as appellant, who is subject to the civil service laws and regulations, has a further right to appeal to the United States Civil Service Commission.[2] Appellant did not appeal to the Deputy Commissioner. Instead, on April 2, 1971, he wrote to the EEO Director indicating his willingness to accept the decision if certain administrative corrections to the record were made. The only request which is pertinent to this appeal was that his back pay be computed to include any within-grade, or step-increase, or promotion to which he was entitled.

About May 1, 1971, appellant received and cashed a check for $3,086.60 which was back pay, computed at a GS–9 rate for six months.[3] On June 24, 1971, three months after the decision and almost two months after reimbursement, appellant filed a claim with the District government for additional back pay computed at either a GS–11 rate or at a GS–9 with an in-grade step increase. The claim was denied.[4] Thereafter, appellant retained an attorney who apparently thought it necessary to notify the Commissioner, pursuant to D.C.Code 1973, § 12–309, of appellant's claim against the District and did so on August 2, 1971.

On August 6, 1971, over four months after the EEO decision, appellant filed suit in the Superior Court for the District of Columbia asking for a recomputation of his back pay at either a GS–11 or GS–9, step 2 rate; for additional compensation for twenty hours overtime per pay period lost because of his wrongful discharge; for reimbursement of Federal Employee Group Life Insurance premiums deducted from his back pay award; and for a credit of sixty hours to his annual leave account to compensate him for the time spent in preparing his original discrimination complaint.

After a non-jury trial, appellant's claim for back pay based upon either a promotion or a within-grade increase was denied for his failure to exhaust his available administrative remedies; namely, the right of appeal to the Deputy Commissioner and to the Civil Service Commission. Alternatively, the court ruled that even if he were

---

2. Order of the Commissioner No. 71–26 (Feb. 2, 1971).

 \*     \*     \*     \*     \*

17. *RIGHT TO APPEAL TO THE U. S. CIVIL SERVICE COMMISSION*
Only employees of District departments subject to the statutory civil service laws and regulations may appeal to the U. S. Civil Service Commission under the provisions of this Order, subject to the limitations set forth below:
a. *Appeal Based Upon Discrimination Because of Race, Creed, Color, Sex or National Origin.* Such an employee may appeal to the Civil Service Commission for a review of the reasons why the District Government has not rendered a decision on his complaint within the time limits prescribed under section 10a and b of this Order. Such an employee may

also appeal to the Civil Service Commission after the Deputy Commissioner has issued a decision which:

 \*     \*     \*     \*     \*

(3) deals with the merits of the complaint but does not resolve the complaint to the employee's satisfaction.

 \*     \*     \*     \*     \*

3. Since appellant accepted a GS–11 position with the Department of Defense on April 13, 1970, his back pay was computed only for the six months he was unemployed as a result of his wrongful discharge.

4. There is in the record no evidence of such claim, its contents, or to whom made. However, appellant in his complaint alleged making the claim and the District in its answer admitted the allegation.

not required to exhaust his administrative remedies, appellant had failed to prove any entitlement to a promotion or an in-grade increase. As to the overtime, insurance premiums and leave issues, the court asserted jurisdiction and proceeded to deny each claim for relief.

The trial court was correct in ruling that appellant had failed to exhaust his administrative remedies on his claim for recomputation of back pay and we are also of the opinion that the exhaustion doctrine applies equally to appellant's claim, as he now raises it on appeal, that he was entitled to be paid for the hours of annual leave used in preparing his EEO complaint.[5]

■ The Supreme Court, writing in *McKart v. United States*, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969), summarized the underlying reasons for the exhaustion of remedies doctrine. Foremost, the Court emphasized the need to prevent premature judicial interference with the administrative process before an adequate factual record is developed and before an application of agency expertise to the issues. The Court also noted several other reasons for the doctrine, stating:

. . . Certain very practical notions of judicial efficiency come into play as well. A complaining party may be successful in vindicating his rights in the administrative process. If he is required to pursue his administrative remedies, the courts may never have to intervene. And notions of administrative autonomy require that the agency be given a chance to discover and correct its own errors. Finally, it is possible that frequent and deliberate flouting of administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures.[6]

■ The Court cautioned against a blind application of the doctrine to every

case; however, it is fully applicable to the facts here. Appellant's claim is based upon the back-pay statute, 5 U.S.C. § 5596 (1970), and upon the regulations applicable to that section contained in 5 C.F.R. § 550.801 *et seq.* (1974), which provide:

§ 550.802 Definitions.

In this subpart:

(a) "Agency" means . . . (5) the government of the District of Columbia.

\*  \*  \*  \*  \*  \*

§ 550.804 Corrective action.

(a) When an appropriate authority corrects an unjustified or unwarranted personnel action, the agency shall recompute for the period covered by the corrective action the pay allowances, differentials, and leave account (limiting the accumulation to the maximum prescribed by law or regulation for the employee) of the employee as if the unjustified or unwarranted personnel action had not occurred and the employee shall be deemed for all purposes to have rendered service in the agency for the period covered by the corrective action. . . .

(b) In recomputing the pay, allowances, differentials, and leave account of an employee under paragraph (a) of this section, the agency shall include the following:

(1) Premium pay which the employee would have received had it not been for the unjustified or unwarranted personnel action;

\*  \*  \*  \*  \*  \*

(4) Within-grade or step increases or other periodic increases which would otherwise have become due;

\*  \*  \*  \*  \*  \*

(7) Any other changes which would affect the amount of pay, allowances,

---

5. Indeed, in our judgment the doctrine applies to all those issues raised by appellant in his complaint but not pressed on appeal.

6. *Supra* at 195, 89 S.Ct. at 1663.

differentials or leave which the employee would have earned had it not been for the unjustified or unwarranted personnel action.[7]

It is clear, therefore, that the District government is authorized to settle claims such as the ones which were advanced by appellant. If a claim is wrongly denied, then an appeal to the Deputy Commissioner and to the Civil Service Commission provides an opportunity to correct any errors and negate resort to the courts. And if after appeal a claimant is not satisfied, a reviewing court has the benefit of both Commission expertise on the issues and an adequate factual record to aid its review.[8]

The trial court noted that for the period 1969–71 the District, unlike the federal government, did not have administrative and judicial procedures for the recovery of back pay. Nevertheless, since appellant was provided an administrative remedy by the civil service laws and regulations, the proper procedure is that described by the Court of Claims in *Adler v. United States*, 146 F.Supp. 956, 958, *cert. denied*, 352 U.S. 894, 77 S.Ct. 131, 1 L.Ed.2d 87 (1956):

But, notwithstanding the fact that the appeal is not mandatory, we think that an employee must appeal to the Civil Service Commission for an adjustment of his grievances before resorting to the courts, except in unusual circumstances. We think so because the Civil Service Commission was the agency set up by Congress for the express purpose of hearing the grievances of employees. Congress conferred on the Commission jurisdiction to hear these grievances; it did not confer this jurisdiction on the courts, except where the Commission had acted unlawfully. So, it is to the Commission that an employee must resort, in the first instance; and until that Commission has finally passed on the case, the courts should not take jurisdiction, and then only where the Commission has misapplied the statute under which the employee claims, or in some other way has deprived the employee of the rights to which the law entitles him.

The trial court found that appellant was properly notified of his right to appeal to the Deputy Commissioner and the Civil Service Commission. Appellant did not present to the trial court any reasonable excuse or extraordinary facts as to why he neglected to make a timely appeal.[9] Appellant, having failed to invoke a readily available administrative remedy specifically created to correct any errors that may have been committed, cannot now invoke the aid of the courts, and the case must therefore be remanded to the trial court with directions that the complaint be dismissed.

*So ordered.*

7. The cited regulations were in effect at the time of appellant's discharge and reinstatement.

8. It would appear that a federal court would have jurisdiction to review a complaint by an employee in the competitive Civil Service who had exhausted his administrative remedies by appeal to the Civil Service Commis-

sion. In any event, in view of our disposition of this case, we need not discuss the subject-matter jurisdiction of Superior Court.

9. *See, e. g., American Federation of Government Employees v. Acree*, 155 U.S.App.D.C. 20, 475 F.2d 1289 (1973), which held that exhaustion is not necessary if it would be futile.