## C STREET TENANTS ASSOCIATION, Petitioner,

v.

## DISTRICT OF COLUMBIA RENTAL HOUSING COMMISSION, Respondent,

**Maban M. Johri, Intervenor.**

No. 86–660.

District of Columbia Court of Appeals.

Argued Nov. 8, 1988.

Decided Jan. 13, 1989.

Bernard A. Gray, Sr., Washington, D.C., for petitioner.

Paul D. Crumrine, Washington, D.C., for intervenor.

Respondent relied on the brief for intervenor.

Before NEWMAN and FERREN, Associate Judges, and GALLAGHER, Senior Judge.

FERREN, Associate Judge:

C Street Tenants Association ("tenants") seeks review of the District of Columbia Rental Housing Commission ("RHC") order upholding in part and remanding in part a decision of the Rent Administrator. Because the tenants failed to exhaust their administrative remedies, we must dismiss the petition.

### I

The tenants filed complaints with the Rental Housing Commission on May 11, 1981.[1] They alleged that their rent was higher than the law allowed because (1) the landlord was unregistered and unlicensed at the time of the rent increase, (2) the rent included an invalid "Judge Moore" pass-through,[2] and (3) the 70% agreement[3] lead-

---

1. At the time the tenants filed suit, HFM Limited Partnership owned the apartment buildings, which were managed by F & M Associates. The current owners, Mr. and Mrs. Maban M. Johri, purchased the building at a foreclosure sale from an owner that had succeeded HFM.

2. *See generally Apartment and Office Assoc. of Metro. Washington v. Washington,* 343 A.2d 323 (D.C.1975) (injunction against implementation of D.C.Reg. No. 74–20, establishing rent control,

denied but relief ordered to vindicate landlords' cost pass-through rights as provided for in D.C. Rent Control Act of 1973); *Apartment and Office Building Assoc. of Metro. Washington v. Moore,* 359 A.2d 140 (D.C.1976) (order providing formula for vindicating landlord's cost pass-through rights).

3. *See generally* D.C.Code § 45–1689(c) (Supp. VII 1980).

ing to the rent increase was invalid because it had not been signed voluntarily and did not otherwise comply with the law. On January 29, 1981, the Rent Administrator issued his decision, concluding that the rent increases were invalid because, at the time they were taken, the landlord was unregistered and unlicensed. He further concluded that the 70% agreement was valid; he did not rule on the "Judge Moore" pass-through. The Rent Administrator chose not to grant treble damages or to rollback rents; instead, he ordered the landlord to refund $4,448.03 to the tenants either directly or by crediting their respective rents.

The tenants filed a timely appeal to the RHC arguing that (1) the Rent Administrator erred by not ruling on the validity of the "Judge Moore" pass-through or on the tenants' request for attorney's fees; (2) he should have rolled back the rents and held separate hearings to determine how much each tenant was owed; and (3) he also erred in ruling the 70% agreement was valid. On November 12, 1982, the RHC upheld the 70% agreement and also ruled there was no error in refusing to award attorney's fees, to rollback rents, or to treble damages. The RHC did order a remand, however, for a determination of the appropriate monetary relief for the individual tenants and for a ruling on the question (which had been presented to the Rent Administrator but overlooked) whether the landlord was entitled to implement a "Judge Moore" pass-through increase.

The tenants appealed from the RHC decision to this Court. The RHC filed a motion to dismiss on the ground that the RHC order was not a "final" order. The tenants replied that the Rent Administrator had no more issues to resolve—his function on remand was merely ministerial. We dismissed the appeal, No. 82–1561, in an unpublished Order (April 7, 1983).

On March 21, 1986, the Rent Administrator issued an order in response to the remand, holding once again that the 70% agreement was valid and determining the amounts owed to the individual tenants. He still did not decide the "Judge Moore" pass-through issue, however. This order gave notice of the right to appeal to the RHC. Instead, the tenants filed for review by this Court.

## II

■ In general, "administrative remedies must be exhausted before judicial relief may be sought." *O'Neill v. Starobin*, 364 A.2d 149, 153 (D.C.1976) (citations omitted). *See also Beal v. D.C. Rental Housing Commission*, 474 A.2d 829, 830 (D.C. 1984); *Rhodes v. Quaorm*, 465 A.2d 370, 372 (D.C.1983). The Rental Housing Act of 1985 and preceding statutes have provided detailed procedures for raising claims that landlords are charging illegal rents and for adjudicating those claims through the RHC. *See, e.g.,* D.C.Code § 45–2526 (1986). "[W]hen a statute provides a method of appeal from an administrative ruling, that method must be followed before resorting to any other system of review." *Rhodes*, 465 A.2d at 372.

■ Given the comprehensive statutory scheme for review and the nature of the issues, the reasoning behind the rule of exhaustion is especially applicable to this case. This rule insures that the agency has an opportunity to develop a factual record and to apply its expertise to the issues. *O'Neill*, 364 A.2d at 153; *Malcolm Price, Inc. v. District Unemployment Compensation Bd.*, 350 A.2d 730, 733 (D.C. 1976). The tenants' contentions concern the agency's interpretation of its governing statute and its own regulations, areas within the agency's expertise that involve application of the agency's discretion. The rule requiring exhaustion also promotes judicial economy by resolving issues within the agency and eliminating the unnecessary intervention of courts. *McKart v. United States*, 395 U.S. 185, 195, 89 S.Ct. 1657, 1663, 23 L.Ed.2d 194 (1969). Lastly, were we to allow parties to circumvent agency procedures for appeal, the effectiveness of agency rules might be undermined. *Id.*

In some unusual circumstances this court has not required exhaustion of administrative remedies. In *Barnett v. Dept. of Employment Services*, 491 A.2d 1156 (D.C. 1985), for example, we concluded that the

aggrieved party had made a sufficiently strong showing of compelling circumstances to justify intervention by the court. We perceived that Barnett had been deprived of a "fair opportunity" to present his claims to the administrative agency because events beyond his control had prevented him from getting his new information to the agency in time for appeal. *Id.* at 1162. In addition, the administrative agency had refused to reopen and reconsider the case, and we therefore held that the agency had waived its defense of exhaustion. *Id.* at 1163.

The present case has dragged on for over seven years, in part because the Rent Administrator twice has failed to rule on the "Judge Moore" pass-through issue. While that is lamentable, the tenants have made no showing why failure to exhaust administrative remedies should be excused in their case. The RHC's remand to the Rent Administrator was not merely ministerial. It included a substantive issue: the "Judge Moore" pass-through. On remand, the Rent Administrator did not decide this issue, and thus the tenants should have appealed once again to the RHC. The tenants also have not demonstrated that the agency has refused to reconsider their case and that an administrative appeal would accordingly be futile. In addition, no issue of waiver by the agency is presented. *See id.* at 1158–59 n. 4. In sum, the tenants have failed to invoke an available agency remedy to correct any error committed. This court, therefore, may not entertain this appeal.

DISMISSED.