**B. Brenda JOYCE, Petitioner,**

v.

**DISTRICT OF COLUMBIA RENTAL HOUSING COMMISSION, Respondent.**

**No. 98–AA–314.**

District of Columbia Court of Appeals.

Argued Nov. 2, 1999.
Decided Nov. 24, 1999.

Eric Von Salzen for petitioner.

Sheila Kaplan, Assistant Corporation Counsel, with whom John M. Ferren, Corporation Counsel at the time the brief was filed, and Charles L. Reischel, Deputy Corporation Counsel, were on the brief, for respondent.

Before FARRELL, RUIZ, and REID, Associate Judges.

FARRELL, Associate Judge.

A hearing examiner of the Rental Accommodations and Conversion Division (RACD) awarded relief to tenants who had alleged violations of the Rental Housing Act by petitioner, a housing provider under the Act. The issue before us is whether the RACD abused its discretion in denying petitioner's motion to vacate and re-issue the examiner's decision on the ground that petitioner had not been properly served with it, and so had lost the right to timely appeal the decision to the Rental Housing Commission (RHC). After protracted interim proceedings that we need not recount, the RHC upheld the denial of the motion to vacate. We reverse, agreeing with petitioner that the RACD's failure to serve her with the decision in the manner prescribed by statute prejudiced her right to a timely administrative appeal.

## I.

The hearing examiner's written decision, holding that petitioner was not exempt from the rent control laws and had violated certain rent control provisions and committed housing code violations, was issued on June 13, 1988. Petitioner took no appeal to the RHC within the ten days prescribed by law. *See* D.C.Code § 45–2526(h) (1996). On August 9, 1988, she moved to vacate the examiner's decision and have it re-issued on the ground that she had not learned of the decision until after the time for appeal had expired. She asserted that the decision had been mailed to an address contained in the RACD's records at which she no longer resided, and that a March 11, 1988, letter which she had sent to the hearing examiner in her case (with a copy to the Acting Chief of Adjudications at the RACD) informed him of her new address and asked him to respond to that address.[1] The examiner, and ultimately the RHC, rejected the motion to vacate because the March 11 letter had not contained a certificate of service to other parties, as required by 14 DCMR § 3911 for "[a]ll documents required to be served upon any person under this subtitle."

## II.

In this court, the RHC does not dispute that petitioner did not receive a copy of the examiner's decision in time to file a timely appeal. Moreover, through counsel,

---

1. The March 11 letter complained of delay by the examiner in responding to an earlier request petitioner had made for him to recuse himself. The letter asked for a ruling by a date certain, to be sent to the new address specified.

the RHC no longer defends the reason the RACD gave (and the RHC endorsed) for denying the motion to vacate. As petitioner points out and the RHC appears to agree, 14 DCMR § 3911 does not specify what documents are "required to be served" and thus whether a letter advising RACD of a change of address must bear a certificate of service to other parties.[2] In line with the RHC's concession, we reject the reason cited by the RACD for denying petitioner's motion to vacate. But the RHC maintains that the problem with petitioner's motion is more basic: her March 11 letter was not reasonably calculated to provide the RACD with notice of her change of address, and so she forfeited her right to file a timely appeal by failing "to assure that she received the [examiner's] decision ... by directly advising the [RACD] of her change of address" (Br. at 6). A letter to an individual hearing examiner specifically referencing a recusal motion, the RHC contends, cannot reasonably be thought to put the office of the RACD on notice of a party's change of address for other purposes.

Government counsel admitted at argument that the RACD has no regulation or written instructions given to parties that prescribe the manner by which a change of address is to be filed. Thus it would not be surprising—and the RACD not altogether blameless—if a party appearing before the agency thought an appropriate means of informing it of her new address was through a letter to the hearing examiner in her case (with a letter to his superior), even though the letter was for another purpose as well. Not a few of those appearing before the RACD do so, we assume, *pro se;*[3] clear written advice to the parties about the procedure for notification of an address change would largely moot issues of the sufficiency of notice such as we face here.

■ We need not decide whether petitioner's notification was sufficient, however, because RACD failed to comply with the statutory procedure by which decisions are to be served on the parties, with resulting prejudice to petitioner. D.C.Code § 45-2526(j) provides: "A copy of any decision made by the Rent Administrator, or by the Rental Housing Commission under this section shall be mailed *by certified mail* or other form of service *which assures delivery of the decision to the parties* " (emphasis added).[4] The RHC concedes, and the record bears out, that the hearing examiner's decision was mailed to the parties by regular first-class mail, not certified mail. But the statute's specification of "certified mail" is obviously important, because that form of mailing—permitting the agency to obtain a return receipt[5]—is calculated to "assure[ ] delivery of the decision," as the statute requires. The RACD's obligation was to use certified mail or another form of delivery designed to guarantee, if possible, receipt of the decision in time for petitioner to pursue her further rights as an aggrieved party. Regular mail did not fulfill that obligation.

■ The importance of the form of mailing is underscored by the stringent 10–day appeal period allowed for appeals to the

---

2. More precisely, although the letter could reasonably be viewed as requiring a certificate to the extent it sought action by the adjudicating officer, it is quite a different thing to say that it could *not* serve as notice of a change of address to the RACD because of that defect.

3. Petitioner's representation by counsel before the RACD appears to have been on-again; off-again in this case.

4. The "section" referred to (§ 45–2526) sets forth the hearing procedures by which claims of illegal rent are adjudicated, *see C Street Tenants v. District of Columbia Rental Hous. Comm'n,* 552 A.2d 524, 525 (D.C.1989).

5. *See, e.g.,* BLACK'S LAW DICTIONARY (Fifth ed.1979) (defining "certified mail" as a "[f]orm of mail similar to registered mail by which sender may require return receipt from addressee").

RHC.[6] Unlike other time periods contained in the statute and regulations, the RHC may not enlarge the time for filing a notice of appeal. 14 DCMR § 3816.6. When the decision is mailed, the time for appeal begins with the date of mailing, *see Town Ctr. Management v. District of Columbia Rental Hous. Comm'n*, 496 A.2d 264, 265 (D.C.1985), and failure to appeal in time deprives the RHC of jurisdiction. *See* 14 DCMR § 3816.6; *Smith v. District of Columbia Rental Accommodations Comm'n*, 411 A.2d 612, 614 (D.C.1980). Consequently, the form of mailing prescribed by § 45–2526(j) is critical to the right of appeal and the limitations thereon. In this case, for example, had the RACD used certified mail it presumably would have learned that delivery could not be achieved at petitioner's old address shown in its records, and further steps would have been required—possibly, even likely, resulting in location of petitioner's March 11 letter stating her new address. (The RACD has never contended that the letter could not be found in its record of the case.) As this case exemplifies, therefore, failure to insist on compliance with the service/mailing requirement of § 45–2526(j) would have the effect of giving the RACD "untrammeled power to shorten [a party's] time to appeal." *Town Ctr. Management*, 496 A.2d at 266 (quoting *Poyner v. Police & Firemen's Retirement & Relief Bd.*, 456 A.2d 1249, 1251 (D.C.1983)).

 It remains for us to consider the RHC's argument that even after petitioner concededly had received notice of the examiner's decision, she waited "several weeks" before seeking relief from the administrator—a delay that negates whatever tolling effect may be given to the RACD's failure to properly serve her. *Cf.*

*McDaniels v. Brown*, 740 A.2d 551 (D.C. 1999) (demand for trial *de novo* in arbitration case was untimely where appellant waited more than fifteen days after actual receipt of arbitrator's decision to file demand). Although it is not clear from the record just when petitioner learned of the examiner's decision, we reject the RHC's position. Petitioner asserts, and the record suggests, that she first learned of the decision in late June after the tenants moved to reconsider aspects of the examiner's decision, serving a copy on petitioner at her new address. Petitioner then informed the RACD staff of her failure to receive the decision, and on July 12 the staff conveyed that information to the hearing examiner, who on July 29 ordered petitioner to file a written motion by August 9 supporting her claim of non-receipt. Petitioner did so. These circumstances convince us that she acted diligently to protect her right to appeal once she learned of the examiner's decision, and that the failure to serve her properly with the decision cannot be excused. The RHC abused its discretion in not vacating and re-issuing the examiner's decision as requested.

 Accordingly, the decision of the RHC is reversed and the case is remanded[7] for further proceedings not inconsistent with this opinion.

*So ordered.*

6. If the decision has been mailed to the parties, as customary, then three days are added to the period. 14 DCMR § 3802.2.

7. Petitioner urges us not to remand the case but rather to proceed ourselves to consider the merits of the June 1988 decision by the RACD, arguing in effect that the RHC has shown bad faith in "steadfastly" refusing to

reach the merits. We find no basis for imputing any such unprincipled conduct to the RHC or the RACD, and certainly none sufficient to relieve a party of the normal duty to exhaust administrative remedies as a condition of review by this court. *See* D.C.Code § 45–2529; *C Street Tenants*, *supra* note 4, 552 A.2d at 525. Nor are we prepared to say at this point, as petitioner would have us do,

that remand is pointless because the RHC could not reasonably sustain the examiner's decision on the merits.